UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 8:15-cv-

FUNDS SEIZED FROM THREE
BANK ACCOUNTS,

    Defendants.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff United States of America brings this complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), funds seized from three bank accounts (Defendant Property), on the grounds that they (1) constitute proceeds of wire, mail, and health care fraud, committed in violation of 18 U.S.C. §§ 1341, 1343, and 1347; and/or (2) were involved in financial transactions with proceeds designed to promote the fraud, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions

commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3. This Court has *in rem* jurisdiction over the Defendant Property, because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

4. Venue properly lies in the Middle District of Florida, because the Defendant Property was found within the district and because the actions giving rise to the forfeiture occurred in the district. 28 U.S.C. § 1395.

5. The Defendant Property was seized on October 2, 2014 and currently rests within the United States Marshals Service's Seized Assets Deposit Fund. Because the Defendant Property is in the government's possession, custody, and control, the United States requests that the Clerk issue an arrest warrant *in rem*, upon the filing of the complaint, pursuant to Supplemental Rule G(3)(b)(i). The United States will then execute the warrant on the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANT *IN REM*

6. The Defendant Property is composed of funds seized from three bank accounts, specifically:

   A. Approximately $477,126.47, seized from Wells Fargo Bank Account Number 2000015847191, held in the name of Amerimed Diagnostic Services Inc.;

   B. Approximately $15,300.00, seized from Wells Fargo Bank Account Number 1010183883049, held in the name of Guidover Manso; and

   C. Approximately $38,322.00, seized from Suncoast Schools Federal Credit Union Account Number 3079188, held in the names of Neisy and Lazaro Munoz.

## FORFEITURE AUTHORITY

7. Because some of the Defendant Property is derived from proceeds of wire, mail, and health care fraud, it is subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), which states the United States may civilly forfeit proceeds or property derived from the proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7), in turn, defines "specified unlawful activity" to include federal health care offenses as defined in 18 U.S.C. § 24, including health care fraud, committed in violation of 18 U.S.C. § 1347. Section 1956(c)(7) also defines "specified unlawful activity" to include activities described in section 1961(1), such as violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud).

8. In addition, some of the Defendant Property was involved in financial transactions intended to promote the carrying out of the wire mail, and health care fraud, in the violation of 18 U.S.C. § 1956(a)(1). Thus, it is forfeitable as property involved in money laundering. Specifically, 18 U.S.C. § 981(a)(1)(A), authorizes the government to civilly forfeit any property that was involved in a transaction or attempted transaction in violation of section 1956 or 1957.

9. Recognizing that money is fungible, Title 18, United States Code, Section 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather, "any identical property found in the same . . . account . . . shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." In other words, the United States may forfeit *any*

3

funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of dirty funds deposited into the account within the past year.

10. Specific facts supporting the forfeiture of the Defendant Property are contained in the Declaration of Special Agent Kenneth Kelly of the United States Postal Service's Office of Inspector General, attached hereto as Exhibit A and fully incorporated herein by reference. As required by Supplemental Rule G(2)(f), the facts set forth herein, including those incorporated from Exhibit A, support a reasonable belief that the government will be able to meet its burden of proof at trial—specifically, that the government will be able to show by a preponderance of the evidence that the Defendant Property was: 1) proceeds of wire, mail, and health care fraud, committed in violation of 18 U.S.C. §§ 1341, 1343, and 1347; and/or (2) involved in financial transactions with proceeds designed to promote the fraud, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## CONCLUSION

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff United States of America requests that this Court initiate a process of forfeiture against the Defendant Property, and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed.

The United States further requests that the Court order the Defendant Property forfeited to the United States for disposition according to law and grant the United States such other and further relief as this case may require.

Dated: March 18, 2015

Respectfully submitted,
A. Lee Bentley, III
United States Attorney

By: /s/ Natalie H. Adams
NATALIE HIRT ADAMS
Assistant United States Attorney
USA NO. 141
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6220
E-mail: Natalie.Adams@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Kenneth Kelly, declare under penalty of perjury that:

I am a Special Agent Kenneth Kelly of the United States Postal Service's Office of Inspector General. I have read the foregoing Verified Complaint for Forfeiture *in Rem* and verified that the matters alleged as fact in the Complaint are true.

I have acquired my knowledge in this matter through my personal experience, observation, and investigation, and through information conveyed to me by other law enforcement officers and witnesses.

Executed this 18th day of March 2015.

Kenneth P. Kelly,
Special Agent,
USPS OIG